IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

KIMBERLEY JOHNSON,              )
                               )
                  Plaintiff,   )
                               )
v.                             )    Case No. CIV-17-210-C
                               )
ARINC INCORPORATED and         )
ASES, LLC d/b/a ARINC          )
AEROSPACE,                     )
                               )
                  Defendants.  )

## MEMORANDUM OPINION AND ORDER

On February 18, 2015, Plaintiff was walking across a parking lot owned by Defendants. Plaintiff was returning to her car after being inside a building, training a co-worker. As Plaintiff approached her car, her foot fell into a crack in the parking lot, causing her to fall and causing her injury. Plaintiff has sued Defendants, asserting that they failed to properly maintain the parking lot and thereby created a hazard which caused her harm. Defendants now seek summary judgment, arguing that the crack in the parking lot was open and obvious and therefore they cannot be held liable for Plaintiff's injury.

In their Motion for Summary Judgment, Defendants argue that Plaintiff testified in her deposition that the crack was obvious and there was nothing preventing her from seeing it. Defendants do not argue that they were unaware of the existence of the crack, or that the crack had not existed for a sufficient time to put Defendants on notice of its existence. Rather, Defendants' sole argument is that Plaintiff should have seen the crack and avoided it because it was an open and obvious hazard. In response, Plaintiff notes that while

returning to her car after training her co-worker she was focused on finding her key fob so she could unlock her car, and was looking at the clouds that were beginning to form. Plaintiff asserts that the crack was obvious only if she had been staring at her feet while traversing the parking lot.

The question at issue in this case is "whether under like or similar circumstances an ordinary prudent person would have been able to see the hazard in time to avoid it." Williams v. Tulsa Motels, 1998 OK 42, ¶ 9, 958 P.2d 1282, 1287. Under Oklahoma law, the question is not whether the object that caused harm was open and obvious, but whether the hazard or danger from it was open and obvious. See Henryetta Constr. Co. v. Harris, 1965 OK 88, 408 P.2d 522, 531; see also Nider v. Republic Parking, Inc., 2007 OK CIV APP 95, ¶ 26, 169 P.3d 738, 746 ("The fact that a particular condition is "observable" does not, in and of itself, require that the condition be declared an open and obvious danger as a matter of law."). In Spirgis v. Circle K Stores, Inc., 1987 OK CIV APP 45, 743 P.2d 682 (approved for publication by the Oklahoma Supreme Court), the Oklahoma Court of Civil Appeals addressed whether a pothole in a parking lot was an open and obvious hazard. That court stated, "[r]easonable men could differ as to whether the defect was patent and obvious or whether it was rendered a latent defect because of its location and the foreseeable traffic that could and perhaps did obscure it and divert Plaintiff's attention from it." Id. at ¶ 14, 685. Defendants' argument that Plaintiff was looking at other things or was distracted by looking for her key or at the clouds also is insufficient to entitle them to summary judgment. As Oklahoma courts have repeatedly held, where a plaintiff is distracted from noticing the alleged hazard, a jury question exists as to whether the hazard

was open and obvious.  See <u>Roper v. Mercy Health Center</u>, 1995 OK 82, ¶¶ 2 & 4, 903 P.2d 314, 315; <u>Spirgis</u>, 1987 OK CIV APP 45, ¶ 11, 743 P.2d at 685.

## **CONCLUSION**

After considering the facts of this case, the Court finds that whether or not the crack in the pavement was an open and obvious hazard is a question of fact for the jury. Accordingly, Defendants' Motion for Summary Judgment (Dkt. No. 22) is DENIED.

IT IS SO ORDERED this 5th day of March, 2018.

ROBIN J. CAUTHRON
United States District Judge